UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No: 2:23-cr-133-SPC-KCD

ERNEST JESHAD FOSTER

---

**OPINION AND ORDER**

Before the Court are Defendant Ernest Jeshad Foster's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 51), the United States Probation Office's Memorandum (Doc. 52), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 56). For the following reasons, the Court denies the motion.

In June 2024, the Court sentenced Defendant to 46 months' imprisonment on firearms-related charges. (Doc. 49). In the motion, Defendant moves for retroactive application of the sentencing guidelines, arguing that he is entitled to a one-point adjustment for status points offenders and/or a reduction of two points for being on probation at the time of sentencing. (Doc. 51).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra

criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

Despite Defendant's argument, he is not entitled to a sentence reduction. As the Probation Office explains, Defendant was sentenced after November 1, 2023, and received the benefit of the amended guidelines. (Doc. 52 at 2).

The Federal Defender agrees with Probation's assessment. (Doc. 56 at 2–3). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction. The Federal Defender's Office will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. They will notify Defendant of the position and move to terminate representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because Defendant was sentenced in June 2024, which was after the effective date of Amendment 821, he is ineligible for a

reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Ernest Jeshad Foster's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 51) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on September 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record